```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

```
┌─────────────────────────────┐
│ RICHARD AFOLABI-BROWN,      │
│                             │
│           Plaintiff,        │
│                             │
│      v.                     │   Civil Action No. 18-1409 (EGS)
│                             │
│ ALBERT C. COOMBS, et al.,   │
│                             │
│           Defendants.       │
└─────────────────────────────┘

                    **MEMORANDUM OPINION AND ORDER**

   Plaintiff Richard O. Afolabi-Brown brings this action, *pro se*, against Unity Health Care, Inc. ("UHC") and Dr. Cassandra Wright alleging, *inter alia*, that they committed negligence under District of Columbia law by referring him to health care providers who assaulted him as part of a Medicaid fraud scheme. The United States substituted itself for UHC and Dr. Wright, and moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346. The Court has carefully considered the government's motion, plaintiff's response, the government's reply thereto, the applicable law, and the entire record herein. For the reasons that follow, the government's motion to dismiss is **GRANTED**.

## I. Background

The following facts, which the Court must accept as true at this stage of the proceedings, are set forth in Mr. Afolabi-Brown's complaint and were supplemented by his opposition to the motion to dismiss. Notice of Removal, ECF No. 1-2 ("Compl."); Pl.'s Opp'n, ECF No. 12. *See Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014)(requiring a court to consider a *pro se* plaintiff's "filings as a whole" in resolving a motion to dismiss).

Mr. Afolabi-Brown visited Dr. Wright in November 2014 at a clinic run by UHC, seeking dental care after a recent root canal. Compl., ECF No. 1-2 at 2.[1] Dr. Wright determined that Mr. Afolabi-Brown should receive a permanent crown on one of his teeth, and she referred him to The Washington Dental Studio ("WDS"), for that service. *Id.* at 3. On December 9, 2014, Mr. Afolabi-Brown went to WDS and was seen by Dr. Albert C. Coombs. *Id.* at 1, 5-6. Instead of providing Mr. Afolabi-Brown with the permanent crown, and over Mr. Afolabi-Brown's objection, Dr. Coombs performed numerous procedures on his other teeth, including the removal of multiple bridges, caps, and fillings. *Id.* at 6.

Within a few days, Mr. Afolabi-Brown visited the District

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF header page number, not the page number of the filed document.

of Columbia's Medicaid offices to file a formal complaint and was told that WDS and Dr. Coombs had already been reimbursed for the procedures. *Id.* at 8–9. After realizing that he had been the victim of "a scam[] perpetrated through Medicaid" Mr. Afolabi-Brown next filed an official complaint with the District of Columbia Board of Dentistry (the "Board")." *Id.* at 10. The Board responded, informing Mr. Afolabi-Brown that it had found that no violations occurred because he provided "prior authorization to do [the procedures]." *Id.*

In 2017, Mr. Afolabi-Brown filed a complaint in the Superior Court for the District of Columbia. *Id.* at 1. He later filed an "Addendum to Second Amendment Complaint" in the Superior Court, adding specific claims against each defendant. Pl.'s Opp'n, ECF No. 12 at 42, 52–57. Against UHC and Dr. Wright, his claims included negligence and aggravated assault. *Id.* at 52–55. Mr. Afolabi-Brown sought punitive damages as well as damages for emotional distress and loss of consortium. *Id.* at 53–55. He alleges that UHC and Dr. Wright either specifically knew of previous complaints against WDS and Dr. Coombs, or else should have known not to make referrals to them. *Id.* at 47, 54.

The government entered a notice of removal certifying that UHC and Dr. Wright acted "within the scope of their office or employment at the time of the alleged incidents" and substituting itself for those defendants under 28 U.S.C. §

3

2679(d)(1). Notice of Removal, ECF No. 1 ¶ 3. The government subsequently moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), ECF No. 8, Mr. Afolabi-Brown has filed his opposition, ECF No. 12, and the government has filed its reply, ECF No. 15. The motion to dismiss is ripe for adjudication.

**II. Legal Standard**

A "*pro se* complaint is entitled to liberal construction." *Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "[a] federal district court may only hear a claim over which [it] has subject matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction." *Gregorio v. Hoover*, 238 F. Supp. 3d 37, 44 (D.D.C. 2017)(citations and internal quotation marks omitted). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court must scrutinize the plaintiff's allegations more closely . . . than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011)(citations omitted). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court "may

4

consider materials outside the pleadings" in determining whether it has jurisdiction to hear the case. *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but the court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001)(citation omitted).

**III. Analysis**

The government moves to dismiss Mr. Afolabi-Brown's complaint based on his alleged failure to exhaust his administrative remedies. *See generally*, Def.'s Mot. to Dismiss, ECF No. 8. As a threshold matter, the Court first determines whether the government properly substituted itself as a defendant under the Public Health Service Act ("PHSA"), 42 U.S.C. § 233. Having found that the substitution was proper, the Court then turns to whether Mr. Afolabi-Brown exhausted his administrative remedies.

   **A. The Government Properly Substituted Itself for Defendants**

Plaintiff demands monetary damages for claims arising from dental treatment provided by defendants. Under the PHSA, the government may substitute itself for employees of the Public

Health Service ("PHS") who are defendants in state civil actions, bringing the action under the FTCA, so long as Secretary of Health and Human Services (the "Secretary") has deemed the defendants to be PHS employees, and the Attorney General has certified that these defendants were acting in their scope of employment when they performed the acts which gave rise to the suit. 42 U.S.C. § 233(c),(g)(1)(A). The government asserts that UHC is a grantee of the Department of Health and Human Services ("DHHS") by operation of the PHSA, *see* 42 U.S.C. § 233, and that they were acting within the scope of their employment as if they were employees of the Public Health Service. *See* Defs.' Mot. to Dismiss ECF No. 8. The Court addresses each argument in turn.

**1. UHC and Dr. Wright Are Employees Under the PHSA**

The PHSA regulates the determination by the government that defendants in a given matter are PHS employees. Pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233, the Secretary may deem a "public or non-profit private entity receiving Federal funds under" 42 U.S.C. § 254b to be a PHS employee with FTCA coverage. 42 U.S.C. § 233(g)(1)A,(g)(4). The PHSA also provides for the Secretary to deem employees or contractors of the entity to be PHS employees, covered by the FTCA in the same manner as the entity. 42 U.S.C. § 233(g)(1)(A); *see also El Rio Santa Cruz*

*Neighborhood Health Ctr., Inc. v. Dep't of Health & Human Servs.*, 300 F. Supp. 2d 32, 34 (D.D.C. 2004), *aff'd sub nom. El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265 (D.C. Cir. 2005). Once the Secretary makes this determination, it "shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding," 42 U.S.C. § 233(g)(1)(F), with "[e]ligible entities [to] be covered . . . on and after the effective date of [the] determination." 42 C.F.R. § 6.5.

In this case, the government has presented documents from DHHS, Health Resources and Services Administration ("HRSA"), showing that the Secretary deemed UHC and Dr. Wright to be PHS employees for the period from January 1, 2013 through December 31, 2014, the relevant timeframe for Mr. Afolabi-Brown's allegations. Def.'s Mot. to Dismiss, Ex. 1 to Meredith Torres Decl., ECF No. 8-2 at 3-6. This evidence of the Secretary's final determination is enough to bring UHC under FTCA coverage. *See Hinton v. U.S.*, 714 F. Supp. 2d 157, 158 n.1 (D.D.C 2010)(citing certification from HRSA as evidence that defendant UHC was considered a PHS employee for purposes of the FTCA). As to Dr. Wright's status, the Secretary's determination includes coverage for UHC's "full- and part-time employees" and "contractors who are licensed or certified individual health

7

care practitioners providing full-time services," as provided for in section 233(g)(1)(A). *See id.* at 4, 6; *see also* Torres Decl., ECF No. 8-2 ¶ 6 (stating Dr. Wright was an employee of UHC "at all times relevant to the Plaintiff's complaint in this case"). Additionally, Mr. Afolabi-Brown has stated that Dr. Wright provided dental services at UHC during the period of time covered by the Secretary's determination. Pl.'s Opp'n, ECF No. 12 at 16. He does not allege that Dr. Wright was a volunteer, an independent contractor providing only part-time services, or in any other type of relationship with UHC that would leave her uncovered by the FTCA.[2] Accordingly, UHC and Dr. Wright are employees of the Public Health Service for purposes of the FTCA.

### 2. UHC and Dr. Wright Were Acting Within Their Scope of Employment

After the Secretary determines PHS employee status, the Attorney General may certify that the entity and the employee were acting within the scope of employment "at the time of the incident out of which the suit arose," leading to the action's removal to federal court and to the substitution of the government for the defendants. 42 U.S.C.§ 233(c). By regulation,

---

[2] It is unclear whether Mr. Afolabi-Brown argues in his Opposition Memorandum that Dr. Wright is also a contractor, *see* Pl.'s Opp'n, ECF No. 12 at 4–5, but assuming that he does and that he is correct, status as a contractor does not preclude an individual from coverage under the PHSA. *See, e.g.*, 42 U.S.C. § 233(g)(1)(A)(stating Secretary may deem certain contractors to be PHS employees covered by the FTCA in the same manner as the entity).

8

this certification has been delegated to the "United States Attorney for the district where the civil action or proceeding is brought," or the Director of the "Torts Branch, Civil Division, [or] Department of Justice." 28 C.F.R. § 15.4(a). The certification "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee. But it does constitute *prima facie* evidence that the employee was acting within the scope of his employment." *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006)(internal citations and quotation marks omitted). A plaintiff who challenges the certification "bears the burden of coming forward with specific facts rebutting the certification." *Id.* (quoting *Stokes v. Cross*, 327 F.3d 1210, 1214 (D.C. Cir. 2003)).

In this case, the government has submitted a certification by Daniel F. Van Horn, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia. Notice of Removal, Ex. B, ECF No. 1-3 at 1. Mr. Van Horn certifies that both UHC and Dr. Wright were acting within their scope of employment as "employees of the Public Health Service." *Id.*

Mr. Afolabi-Brown has failed to provide any facts that rebut the government's certification, and the Court agrees that the defendants were acting within the scope of their employment. In defining the scope of employment, this Court must look to

District of Columbia law, which provides as follows:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;
>
> (b) it occurs substantially within the authorized time and space limits;
>
> (c) it is actuated, at least in part, by a purpose to serve the master, and
>
> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

*Ballenger*, 444 F.3d at 663 (citing Restatement (Second) Of Agency (1958) § 228).

With respect to Dr. Wright, Mr. Afolabi-Brown alleges that she evaluated him, recommended that a cap be placed on one tooth, and referred him to WDS. *See* Compl., ECF No. 1-2 at 3. UHC served as Mr. Afolabi-Brown's health care provider both before and after the incident, and employed Dr. Wright at the time of her referral. *See id*. Mr. Afolabi-Brown claims that both Dr. Wright and UHC failed to protect him, and that they had "foreknowledge of complaints of incidences of Assault and Battery" upon referred patients. Pl.'s Opp'n, ECF No. 12 at 44. However, because Mr. Afolabi-Brown has not provided detailed

information to back up these allegations, this Court can only treat them as conclusory statements, not as specific facts that serve to rebut the scope-of-employment presumption favoring the defendants. *See Stokes*, 327 F.3d at 1214. None of the facts in Mr. Afolabi-Brown's complaint indicate that UHC or Dr. Wright departed from their ordinary role of serving patients and providing health care. Accordingly, UHC and Dr. Wright were PHS employees acting within their scope of employment at the time of the events described by Mr. Afolabi-Brown, which allows the government to substitute itself on their behalf and the suit to be governed by the FTCA.

### B. Mr. Afolabi-Brown Failed to Exhaust His Administrative Remedies

The FTCA requires that a claimant against the United States, wishing to pursue the action in federal district court, must first exhaust his administrative remedies. *See* 28 U.S.C. § 2675(a). To exhaust administrative remedies under the FTCA, "the claimant shall have first presented the claim to the appropriate [f]ederal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *Id.* [3] "In this Circuit, a claim is considered adequately

---

[3] Mr. Afolabi-Brown must also have filed the claim with the agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). The Supreme Court has recently held that unlike presentment, this time-bar is non-jurisdictional in nature, and may be subject to equitable tolling at a court's discretion.

11

presented when a claimant provides the agency with '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim.'" *Tookes v. United States*, 811 F. Supp. 2d 322, 331 (D.D.C. 2011)(quoting *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987)). The rationale for this "jurisdictional prerequisite," *GAF Corp.*, 818 F.2d at 904, is that "[n]otice of an injury will enable the agency to investigate and ascertain the strength of a claim; [and] the sum-certain statement of damages will enable it to determine whether settlement or negotiations to that end are desirable," *id.* at 919-20. "In reviewing the presentment requirement contained in 2675(a), the Supreme Court has ruled that *pro se* litigants should be held to the same standard as litigants who have retained counsel." *Stokes v. U.S. Postal Serv.*, 937 F. Supp. 11, 14 (D.D.C. 1996)(citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

The record establishes that Mr. Afolabi-Brown did not meet

---

*United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632–33 (2015). This Court cannot now consider equitable tolling in this case, as such arguments "are premature until it is shown that the plaintiff presented [the] claim to the agency, and then that claim was denied." *Jackson v. United States*, 248 F. Supp. 3d 167, 171 n.3 (D.D.C. 2017). "At that point, if the plaintiff failed to present [the] claim within two years of accrual or within six months of denial, equitable tolling arguments may be considered." *Id.*

his "minimal" burden to file an administrative FTCA claim. *Tookes*, 811 F. Supp. 2d at 331 (stating "the FTCA only imposes on claimants the burden of providing notice, not the burden of substantiating claims"). As the government notes in its briefs, Mr. Afolabi-Brown has not asserted, in his complaint or opposition memorandum, that he has exhausted his administrative remedies as required by the FTCA. Def.'s Mot. to Dismiss, ECF No. 8 at 2-3. He has also failed to provide any evidence demonstrating he presented his claim to the agency. The government attaches a declaration by Meredith Torres, Office of the General Counsel, DHHS, attesting that no claim by Mr. Afolabi-Brown appears in the agency's records. *See* Torres Decl., ECF No. 8-2 ¶¶ 4-6. Indeed, Mr. Afolabi-Brown himself indicates that he filed a professional complaint with a Dental Board rather than DHHS. Compl., ECF No. 1-2 at 8-11. Because Mr. Afolabi-Brown did not file an administrative claim with the appropriate federal agency, the Court lacks jurisdiction over his claims. *See Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997)(finding that the district court "lacked subject matter jurisdiction, or if not jurisdiction, the functional equivalent of it," because the plaintiff had not exhausted his administrative remedies). Accordingly, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

**IV. Conclusion and Order**

For the foregoing reasons, the government's motion to dismiss is **GRANTED**. Plaintiff's complaint against the government is hereby **DISMISSED**.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan
United States District Judge
March 25, 2019**